UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Olusegun Joseph, | File No. 20-cv-1255 (ECT/TNL) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Wal-Mart Corporation; Wal-Mart Stores, Inc.; John Doe; Jane Roe, | |
| Defendants. | |

Ayodele M. Ojo, Ojo Law Office LLP, West Saint Paul, MN; Mark K. Thompson, MKT Law, PLC, Minneapolis, MN, for Plaintiff Olusegun Joseph.

Lyndsey M. Marcelino and Stephanie D. Sarantopoulos, Littler Mendelson, PC, Minneapolis, MN, for Defendants Wal-Mart Corporation and Wal-Mart Stores, Inc.

Olusegun Joseph has only one hand. He believes that his former employer, Wal-Mart, failed to accommodate this disability and eventually terminated him because of it. In this lawsuit, he argues that Wal-Mart violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.08, subd. 2; and a Minnesota statute requiring employers to provide employees with copies of their personnel files, Minn. Stat. § 181.961. Am. Compl. ¶¶ 19–31, 37–40 [ECF No. 7]. He also includes a common-law wrongful-termination claim. *Id.* ¶¶ 32–36. Wal-Mart has moved to dismiss all claims except for the personnel-file claim. ECF Nos. 12, 14. The motion will be granted. Joseph's statutory discrimination claims will be dismissed because Joseph concedes that they are untimely and has not plausibly alleged

that Wal-Mart should be equitably estopped from raising a statute-of-limitations defense. The wrongful-termination claim fails because Joseph has not alleged that Wal-Mart terminated him for refusing to do an act that he believed to be illegal.

I

According to the operative complaint, Joseph is a "one-handed Nigerian-American individual" who used to work as a "gatekeeper" at a Wal-Mart store in Maple Grove, Minnesota. Am. Compl. ¶ 11. His job was to prevent shoplifting by "check[ing] the receipts of customers" as they were leaving the store. Id. ¶ 13. The company would give him 15-minute breaks, but because of his one-handedness, he needed more time to "navigate the hallways to the bathroom and to accomplish personal tasks," so his breaks "sometime[s] ran to 20 minutes." Id. ¶ 11. Instead of accommodating his need for more time, Joseph's manager told him that he could not "come back from break late" and "suggested he take shorter breaks," so Joseph "started cutting his break in half or talking [*sic*] no breaks at all." Id. ¶ 12.

On at least one occasion, Joseph successfully kept two men from stealing $600 worth of merchandise. Id. ¶ 15. But another confrontation with a customer did not go as well. "Sometime in October 2018," Joseph had a physical altercation with a customer who refused to show her receipt. Id. ¶ 13. Before making off with more than $800 worth of goods, the woman snatched and broke Joseph's glasses and then "took her car keys and stabbed him in the neck." Id. ¶¶ 13–14. After this encounter, Wal-Mart replaced the broken glasses and Joseph continued working. Id. ¶¶ 14–15.

An unspecified time after the altercation, Joseph's managers called him into an office, had him "sign for his check," and then told him that he was fired. *Id.* ¶ 16. He did not receive a termination letter. *Id.* On May 30, 2019, he sent the company a "notice of intent to sue" and requested his personnel file, but he never received a response. *Id.* ¶ 17; ECF No. 7-1.

Almost a year later, on March 21, 2020, Joseph's counsel sent a charge of discrimination to the Equal Employment Opportunity Commission, claiming, as relevant here, that his termination violated the ADA and the MHRA. ECF No. 7-2. He also claimed that Wal-Mart was liable for common-law wrongful termination and "intentional torts, both common law and statutory." *Id.* He requested that his claim be "cross-filed with the Minnesota Department of Human Rights," *id.*, but the record does not show how either agency disposed of the charge.

Joseph filed this lawsuit against Wal-Mart Corporation and Wal-Mart Stores, Inc. (collectively, "Wal-Mart")[1] on May 26, 2020, Compl. [ECF No. 1], and later amended the complaint, ECF No. 7. In addition to his claims under the ADA and MHRA and for wrongful termination, Joseph argues that Wal-Mart violated Minnesota law by failing to provide him a copy of his personnel file upon request. *See* Minn. Stat. § 181.961. After Wal-Mart filed an answer to the Amended Complaint, ECF No. 10, it moved to dismiss all counts except for the personnel-file claim, ECF Nos. 12, 14.

---

[1] Joseph also names John Doe and Jane Roe as Defendants, but he does not say who they are or how they were involved in his claims.

3

II

There is a threshold issue to address before reaching the merits of Wal-Mart's motion. Joseph argues that the motion is untimely because Wal-Mart filed it after it had filed an answer earlier on the same day. Pl.'s Mem. in Opp'n at 2 n.1 [ECF No. 18]; *see* Fed. R. Civ. P. 12(b) (stating that a Rule 12(b) motion "must be made before pleading"). But where, as here, a defendant's answer asserts a Rule 12(b)(6) defense, *see* ECF No. 10 at 8, "federal courts routinely consider defendants' post-answer motions raising the defense," even if they are more accurately described as motions for judgment on the pleadings under Rule 12(c). *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1089 (D. Minn. 2008) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed. 2004)). Wal-Mart's motion will therefore be treated as one for judgment on the pleadings.

This is a "purely formal" designation, however, because a motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard as a motion to dismiss under Rule 12(b)(6). *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

A

Wal-Mart first argues that Joseph's claims under the ADA and MHRA are untimely. Defs.' Mem. in Supp. at 3–4 [ECF No. 14]; *see* 42 U.S.C. §§ 2000e-5(e)(1), 12117 (giving an employee, at most, 300 days from the challenged employment action to file a disability-discrimination claim with the EEOC); Minn. Stat. § 363A.28, subd. 3 (giving an employee one year from the date of the challenged practice to file either an administrative charge or a civil action under the MHRA). Before addressing this argument, it is worth pausing to ask whether the pleading stage is the really right time to do so.

A statute of limitations "is an affirmative defense that defendants bear the burden to plead and prove." *Roiger v. Veterans Aff. Health Care Sys.*, No. 18-cv-591 (ECT/TNL), 2019 WL 572655, at *7 (D. Minn. Feb. 12, 2019) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)). Ordinarily, then, it is not "a ground for dismissal under Rule 12(b)(6), 'unless the complaint itself establishes the defense.'" *Id.* (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)); *see also* 5 Arthur R. Miller, Mary K. Kane, & A. Benjamin Spencer, *Federal Practice and Procedure*, § 1226 (3d ed. April 2020 Update).

When a plaintiff's complaint is self-defeating (in that it shows that the action is time-barred), the plaintiff may still avoid dismissal by presenting some basis—like equitable estoppel or equitable tolling—to avoid the statute of limitations. *Cf. Wilburn v. Pepsi-Cola Bottling Co.*, 492 F.2d 1288, 1289–90 (8th Cir. 1974) (reversing a district court's denial of a plaintiff's request to amend a judgment of dismissal because the plaintiff presented a proposed amended complaint that, "fairly construed, [could] be taken to allege

affirmatively that defendant [was] precluded by waiver or estoppel from asserting a statute of limitations defense"). Under those circumstances, it is sometimes better to consider the plaintiff's arguments in a motion for summary judgment. *See Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1272 (D. Minn. 2017) (converting a motion to dismiss into one for summary judgment where the plaintiff submitted materials outside of the complaint to support her equitable-tolling arguments). But dismissal may also be appropriate if the complaint does not contain factual allegations to support the plaintiff's arguments. *See Grosz v. Museum of Modern Art*, 772 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2010) (stating that "a plaintiff must do more than declare that equitable tolling is appropriate" and rejecting tolling arguments at the pleading stage); *see also Reese v. Correct Care Sol., LLC*, No. 2:19-cv-0007 KGB, 2019 WL 4463288, at *2 (E.D. Ark. Sept. 17, 2019) (dismissing a Title VII claim as time-barred because the complaint did not "allege any circumstances that might justify equitable tolling of the limitations period"); *Crossley v. Ark. Flag & Banner*, No. 4:18-cv-461-JM-JTR, 2018 WL 5304126, at *2 (E.D. Ark. Oct. 5, 2018) (same), *report and recommendation adopted*, 2018 WL 5303316 (Oct. 25, 2018); *Raffone v. Weihe*, No. 3:15-cv-1173 (VLB), 2016 WL 2642213, at *5 (D. Conn. May 9, 2016) (rejecting equitable-tolling arguments at the pleading stage); *Rozelle v. St. Louis Cty. Ret. Program*, No. 4:12-cv-450 NAB, 2012 WL 3115940, at *3 (E.D. Mo. July 31, 2012) (rejecting an equitable-tolling argument "[b]ased on the factual allegations" in a complaint).

Here, there is a good reason to consider the statute of limitations now. Joseph does not dispute that his administrative charge and eventual lawsuit were untimely.[2] Instead, he argues only that Wal-Mart should be equitably estopped from raising the defense. Pl.'s Mem. in Opp'n at 3–4; *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but . . . is subject to waiver, estoppel, and equitable tolling."). In contrast to the statute-of-limitations defense, "[t]he plaintiff bears the burden of proving entitlement to equitable estoppel." *Ford v. Minneapolis Public Schs.*, No. 10-cv-3142 (JNE/AJB), 2012 WL 5258668, at * 2 (D. Minn. Oct. 24, 2012). Joseph argues that he has pleaded enough facts to justify applying estoppel, and he does not suggest that his estoppel arguments require further factual development. *See* Pl.'s Mem. in Opp'n at 4. Under the circumstances, it is unnecessary to defer consideration of these issues until later in the case. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1015–16 (8th Cir. 2004) (affirming a Rule 12 dismissal where it was undisputed that the plaintiff's claims were barred "unless the applicable limitations periods [were] tolled"); *see also* Fed. R. Civ. P. 1.

Equitable estoppel can prevent an employer from raising a statute-of-limitations defense, but only if the employer caused the employee's delay through a "deliberate design" or "actions that the employer should unmistakably have understood would cause"

---

[2]  The Amended Complaint does not specify Joseph's date of termination. But because the Parties do not dispute that his ADA and MHRA claims were untimely, there is no need to consider Wal-Mart's argument that he must have been terminated in October 2018. *See* Defs.' Mem. in Supp. at 4; Defs.' Reply Mem. at 1–3 [ECF No. 20].

7

a delay. *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018) (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995)). This requires some "affirmative conduct" on the defendant's part. *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995); *see also Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005); *cf. Kirklin v. Joshen Paper & Pkg. of Ark. Co.*, 911 F.3d 530, 535 (8th Cir. 2018) (holding that equitable estoppel did not apply when an employer led an employee to believe that he would be "eligible for rehire" without actually promising to rehire him). Silence is generally not enough. *See Rodriguez*, 891 F.3d at 1130 (holding that equitable estoppel did not apply when an employer had "fail[ed] to respond to a settlement demand made ten days before the statutory deadline"); *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002) (holding that equitable estoppel did not excuse an untimely age-discrimination claim where an employer failed to communicate that younger employees had been promoted).

Joseph's only argument is that Wal-Mart "intentionally delayed in providing" his personnel file after he requested it. Pl.'s Mem. in Opp'n at 3–4. Although he argues that he wanted to see what evidence was in his personnel file, however, he does not explain how his inability to do so kept him from filing a claim. *See id.* at 4. Nor does he allege any facts suggesting that Wal-Mart's silence rose to the level of "misconduct" that "lulled or tricked" him into waiting. *Dring*, 58 F.3d at 1329. Indeed, cases like *Rodriguez* make clear that this type of passive behavior does not trigger equitable estoppel. *See* 891 F.3d at 1130. And the fact that Joseph *did* eventually file his lawsuit, even though he still has not received the personnel file, weakens his argument even further. *See* Am. Compl. ¶ 17.

8

Without allegations of affirmative misconduct by Wal-Mart, equitable estoppel does not excuse the untimeliness of Joseph's ADA and MHRA claims.[3] These claims will therefore be dismissed.

B

Wal-Mart also argues that Joseph fails to state a claim for wrongful termination under Minnesota law. Defs.' Mem. in Supp. at 5–6. Specifically, it believes that Joseph has not identified an applicable exception to Minnesota's rule that employment is generally at will. *See Nelson v. Productive Alts., Inc.*, 715 N.W.2d 452, 454 (Minn. 2006).

Although Joseph filed a memorandum opposing Wal-Mart's motion to dismiss, he did not respond to Wal-Mart's arguments on the wrongful-termination claim. Courts in this District have treated this type of silence as abandonment of a claim. *See, e.g.*, *Gharwal v. Fed. Nat'l Mortg. Ass'n*, No. 13-cv-685 (PJS/JSM), 2013 WL 4838904, at *1 n.2 (D. Minn. Sept. 11, 2013) (dismissing one of the plaintiff's claims because she "did not say a word about it" in her brief); *see also Koenen v. Homecomings Fin. LLC*, No. 11-cv-945

---

[3] Although Joseph frames his argument solely in terms of equitable estoppel, it sounds more like equitable tolling. Unlike equitable estoppel, which "focuses on the employer/defendant's conduct," *Garfield*, 57 F.3d at 666, equitable tolling applies when "the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim," *Henderson*, 403 F.3d at 1033 (internal quotation marks and citation omitted). Even if Joseph had raised an equitable-tolling argument, however, the Amended Complaint does not identify any information bearing on his claims that he could not have learned until after the limitations period had run. On the contrary, the factual allegations appear to be based entirely on events that Joseph himself witnessed. *See generally* Am. Compl. ¶¶ 11–18; *see also Henderson*, 403 F.3d at 1033 (explaining that equitable tolling does not apply just because an employee does not know "all the facts related to the purported discrimination").

(DSD/SER), 2011 WL 3901874, at *2 (D. Minn. Sept. 6, 2011). Whether or not Joseph abandoned the claim, however, it fails as a matter of law.

The general rule in Minnesota is that an employment relationship is at will, which means that "the relationship can be terminated for any reason or for no reason at all." *Nelson*, 715 N.W.2d at 454. The Minnesota Legislature can certainly impose statutory restrictions on this rule, as it did in the MHRA. *See* Minn. Stat. § 363A.08, subd. 2. But a wrongful-termination claim is based on a "narrow common-law public-policy exception" to the at-will-employment rule, which the Minnesota Supreme Court recognizes "*only* where 'a termination is the result of an employee's refusal to do an act that the employee, in good faith, believes to be illegal.'" *Burt v. Rackner, Inc.*, 902 N.W.2d 448, 453–54 (Minn. 2017) (emphasis in original) (quoting *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 151 (Minn. 2014)). Joseph does not claim that he refused to do any act, let alone an act that he believed to be illegal. Rather, he alleges only that he "has been injured by employment discrimination by an employer in violation of both the Federal and State Acts" and that Wal-Mart's actions "comprised intentional tort [*sic*], relevant actions at law and wrongful termination." Am. Compl. ¶¶ 33–34. Alleging that Wal-Mart violated statutory policies against discrimination is not enough to state a common-law wrongful-termination claim. *See Doku v. Hennepin Health Care Sys., Inc.*, No. 09-cv-353 (JNE/JJG), 2009 WL 1586709, at *2 (D. Minn. June 4, 2009); *see also Sledge v. ConAgra Foods, Inc.*, No. 13-cv-2302 (DSD/JSM), 2014 WL 2574749, at *4–5 (D. Minn. June 9, 2014). This claim will accordingly be dismissed.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Partial Motion to Dismiss [ECF No. 12] is **GRANTED**.

2. Counts I, II, and III of the Amended Complaint [ECF No. 7] are **DISMISSED WITH PREJUDICE**.


Dated:  October 9, 2020                               s/ Eric C. Tostrud
                                                          Eric C. Tostrud
                                                          United States District Court